KEITH GRIFFITH *et al.*, Plaintiffs-Appellants, v. GLEN BOWER, Director of Revenue, Defendant-Appellee (Patty Redpath, in Her Own Behalf and as Natural Guardian of Her Children Joey Redpath *et al.*, Intervening Defendants-Appellees).

Fifth District No. 5—99—0829

Opinion filed April 3, 2001.

Melissa J. Auerbach and Richard J. Tupper, both of Cornfield & Feldman, of Chicago, for appellants Keith Griffith and Terry Williams.

Jane M. Whicher, Harvey Grossman, and Lauren B. Raphael, all of Roger Baldwin Foundation of the ACLU, Inc., and Jonathan K. Baum, of Katten Muchin & Zavis, both of Chicago, for *amici curiae* American Civil Liberties Union of Illinois, Designs for Change, Parents United for Responsible Education and Schools First.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Jerald S. Post, Assistant Attorney General, of counsel), for appellee Glen Bower.

Ron D. Coffel, of Benton, and Clint Bolick, William H. Mellor, and Matthew Berry, all of Institute for Justice, Washington, D.C., for other appellees.

JUSTICE RARICK delivered the opinion of the court:

Keith Griffith (a public school teacher) and Terry Williams (a parent of children attending public school) (plaintiffs) filed a declaratory judgment action requesting that the Education Expense Credit Act (Act) (Pub. Act 91—9, § 5, eff. January 1, 2000 (adding 35 ILCS 5/201(m) (West Supp. 1999)) be declared unconstitutional because it violates article I, section 3, and article X, section 3, of the Illinois Constitution (Ill. Const. 1970, art. I, § 3; art. X, § 3). The Act has been codified as section 201(m) of the Illinois Income Tax Act (Tax Code) (35 ILCS 5/201(m) (West Supp. 1999)). Plaintiffs contend that the Act allows tax revenues to be expended in support of religious education and grants preferential treatment under the Tax Code to parents sending children to religious schools. Both Glen Bower, in his official capacity as Director of the Department of Revenue of the State of Illinois (defendant), and the intervening defendants, parents of children attending private and public schools (intervenors), filed motions to dismiss plaintiffs' complaint. The circuit court of Franklin County granted the motions to dismiss after finding that the complaint failed to state a cause of action and was substantially insufficient in law. Plaintiffs appeal, contending that the court erred in dismissing their complaint and in holding that the Act does not violate either section 3 of article I or section 3 of article X of the Illinois Constitution. Plaintiffs also contend that the court erred in relying on United States Supreme Court case law in determining whether the Act violates the Illinois Constitution. We affirm.

The Act provides that, beginning with the 2000 tax year, Illinois taxpayers may annually take a credit of up to $500 against their state income tax liability for 25% of qualified education expenses incurred on behalf of a dependent child or children in kindergarten through grade 12 at any state public or nonpublic school that is in compliance with Title XII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*

(1994)) and satisfies the requirement of section 26—1 of the School Code (105 ILCS 5/26—1 (West 1998)). A qualified education expense is defined as the amount incurred on behalf of a qualifying pupil in excess of $250 for tuition, book fees, and lab fees at the school in which the pupil is enrolled. 35 ILCS 5/201(m) (West Supp. 1999). Plaintiffs assert that there are approximately 1,389 private schools in Illinois which meet the Act's definition of school and which charge tuition, book fees, and lab fees in excess of $250 per pupil. Of these schools, 1,167 are religious or sectarian in which the children are taught religious doctrines and practices. According to plaintiffs, 82 of Illinois' 102 counties have no nonsectarian private school located within their boundaries. They also claim that the public schools in Franklin County charge tuition, book fees, and lab fees on average in an amount less than $40 per student. Plaintiffs further point out that the Act does not place any restrictions on the uses to which sectarian schools may put the tuition monies they receive as a result of the tax credit. For these reasons, plaintiffs argue that the Act has the effect of giving aid to children in religious schools that is not given to children in public schools, all in violation of the Illinois Constitution. As part of their argument, plaintiffs assert that a tax credit is an expenditure. They argue that, therefore, the support of religious education through tax credits is an appropriation or payment of public funds for sectarian purposes. The subsidy that the Act provides to religious schools will, according to plaintiffs, result in Illinois taxpayers either paying higher taxes or suffering reduced services, thereby forcing them to become indirect and vicarious "donors." Plaintiffs' arguments are similar, if not identical, to those raised and addressed in *Toney v. Bower*, 318 Ill. App. 3d 1194 (2001). We find the reasoning in *Toney* persuasive and accordingly answer plaintiffs' contentions in the same manner.

We initially note that a reviewing court is to uphold a trial court's decision to dismiss a complaint for the failure to state a cause of action if it clearly appears that no facts could be set forth that would entitle the plaintiffs to relief. *Mattis v. State Universities Retirement System*, 296 Ill. App. 3d 675, 683, 695 N.E.2d 566, 571 (1998). Secondly, legislative enactments enjoy a strong presumption of constitutionality, and all doubts must be resolved in favor of the statute's validity. *Kunkel v. Walton*, 179 Ill. 2d 519, 529, 689 N.E.2d 1047, 1051 (1997); *In re Marriage of Lappe*, 176 Ill. 2d 414, 422, 680 N.E.2d 380, 384-85 (1997).

We agree with defendant and intervenors that the trial court correctly concluded that the Act violates neither article I nor article X of the Illinois Constitution. The credit at issue here does not involve

any appropriation or use of public funds. See *Toney*, 318 Ill. App. 3d at 1200. No money ever enters the state's control as a result of this tax credit. Rather, the Act allows Illinois parents to keep more of their own money to spend on the education of their children as they see fit and thereby seeks to assist those parents in meeting the rising costs of educating their children. As recognized in *Toney*, the Act has the secular purpose of ensuring that Illinois children are well educated. *Toney*, 318 Ill. App. 3d at 1206. Maintaining the financial health of private schools is also of importance as such schools relieve taxpayers of the burden of educating private school students. *Toney*, 318 Ill. App. 3d at 1206. More importantly, the credit is equally available to all parents of public or nonpublic school children. Funds become available to schools only as the result of private choices made by individual parents. *Toney*, 318 Ill. App. 3d at 1206: see also *Mueller v. Allen*, 463 U.S. 388, 400, 77 L. Ed. 2d 721, 731, 103 S. Ct. 3062, 3070 (1983). Contrary to plaintiffs' claims, the Act does not have the primary effect of advancing religion. Accordingly, we conclude, as did the *Toney* court, that the Act is constitutional. The trial court therefore properly dismissed plaintiffs' complaint. We likewise find no error with respect to the trial court relying on United States Supreme Court case law to determine the constitutionality of the Act under Illinois law. See *Toney*, 318 Ill. App. 3d at 1203.

For the aforementioned reasons, we affirm the judgment of the circuit court of Franklin County.

Affirmed.

MAAG and HOPKINS, JJ., concur.